UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY S. KOCH,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>VICTOR A. AUSTIN, et al.,<br><br>　　　　　　Defendants. | CV F- 03-5021 AWI DLB P<br><br>ORDER AFTER IN CAMERA<br>REVIEW OF DOCUMENTS |

**I.    Background**

Plaintiff is a prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. This action is proceeding on plaintiff's complaint, filed January 8, 2003, against defendants Austin, Traynham and Witcher.

In the complaint, plaintiff alleges that on November 23, 2003, defendant Austin used excessive force on him by discharging a "block gun" at him during a fight involving plaintiff and another inmate. Plaintiff alleges that thereafter, defendant Austin falsified the reports regarding the incident. Plaintiff alleges that defendants Traynham and Witcher failed to make accurate reports concerning the use of force and/or ratified the inaccurate report.

On January 31, 2005, plaintiff filed a motion to compel discovery of defendant Austin's personnel records regarding an ISU investigation into the issues of this case. Defendants filed an opposition to the motion on February 15, 2005 and plaintiff filed a reply on March 4, 2005. On

1  March 15, 2005, this Court ordered the parties to file supplemental briefing regarding the motion to
2  compel.
3        In Defendant Austin's supplemental brief, he requested that the Court conduct an *in camera*
4  review of the documents responsive to plaintiff's request which have been included on a privilege
5  log. In response, plaintiff provided the Court with a list of the documents on the privilege log for
6  which he sought production. Pursuant to the Court's order, defendant Austin submitted the
7  following documents to the Court for *in camera* review on August 25, 2005:
8        1.    October 22, 2003 Memorandum re: Results of Skelly Meeting (Privilege Log of
9              Victor A. Austin, Log #2 , Bates No. 000001);
10       2.    October 27, 2003 Notice of Adverse Action (Privilege Log of Victor A. Austin, Log
11             #3, Bates Nos. 000003-000005);
12       3.    August 20, 2003 Category I Investigation - Log #I-CCI-004-03 (Privilege Log of
13             Victor A. Austin, Log #4, Bates Nos. 000006 - 0000012);
14       4.    January 29, 2003 Internal Affairs Investigation Request - Log #I-CCI-004-03
15             (Privilege Log of Victor A. Austin, Log #5, Bates Nos. 000013 - 000014);
16       5.    August 20, 2003 Advisement of Rights - Administrative Inquiry (Privilege Log of
17             Victor A. Austin, Log #6, Bates No. 000015);
18       6.    January 17, 2003 Memorandum re Recommendation for Investigation (Privilege Log
19             of Victor A. Austin, Log #9, Bates Nos. 000028); and
20       7.    January 13, 2003 Memorandum re Recommendation for Investigation (Privilege Log
21             of Victor A. Austin, Log #10, Bates No. 000029 - 000030).
22      Defendant contends that documents are privileged pursuant to California Penal Code Section
23 832.7, Federal Rule of Civil Procedure 501 and defendant's right to privacy.
24 **II.    Discussion**
25      **A.    Legal Standard**
26      Rule 26(b)(1) of the Federal Rules of Civil Procedure provides as follows:
27           Parties may obtain discovery regarding any matter, not privileged,
28

>  which is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter . . . . The information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

In federal question cases, privileges asserted in response to discovery requests are determined under federal law, not the law of the forum state. Fed. R. Evid. 501; United States v. Zolin, 491 U.S. 554, 562 (1989); Kerr v. United States District Court for the Northern District of California, 511 F.2d 192, 197 (9th Cir. 1975). Federal common law recognizes a qualified privilege for official information, also known as the governmental privilege, or state secret privilege. Kerr v. United States District Court for the Northern District of California, 511 F.2d 192, 198 (9th Cir. 1975). The application of the official information privilege is "contingent upon the competing interests of the requesting litigant and subject to disclosure especially where protective measures are taken." Id.

Federal Courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests. See Breed v. United States Dist. Ct. for Northern District, 542 F.2d 1114, 1116 (9th Cir.1976) (balancing the invasion of minor's privacy rights against the court's need for ward files); Johnson by Johnson v. Thompson, 971 F.2d 1487, 1497 (10th Cir.1992), *cert. den*. 507 U.S. 910, 113 S.Ct. 1255, 122 L.Ed.2d 654 (1993) (denying discovery of names of participants in a medical study due to privacy interests of the individual participants); Cook v. Yellow Freight Sys., Inc., 132 F.R.D. 548, 550-51 (E.D.Cal.1990) (balancing targeted individual's right of privacy against public's need for discovery in employment discrimination case).

**III. Discussion**

The Court has conducted an *in camera* review of the documents and finds that the information in documents is relevant to plaintiff's claims and therefore the balance of hardships tips in plaintiff's favor for a limited disclosure, subject to the conditions of this order and for use only in this litigation. In order to avoid any prejudice to plaintiff, the Court will order defendant to produce redacted versions of the documents to plaintiff. The Court will also grant plaintiff a limited period in which to supplement his opposition to defendant Austin's motion for summary judgment should he

so desire. The Court notes, however, that it has reviewed the documents and the videotapes submitted by defendants and finds the factual information contained in the documents is consistent and supports defendant Austin's version of the facts as set forth in his motion for summary judgment.

**IV.  Order**

    Defendant Austin is HEREBY ORDERED to produce the documents listed above to plaintiff on or before September 2, 2005 subject to the following:

1. Defendant shall redact any and all personal information including but not limited to social security numbers, home addresses, telephone numbers, family information and background information of defendants or any other CDC employees or inmates who are not parties to this action;

2. The documents shall be disclosed only to plaintiff representing himself in this action; Court personnel and stenographic reporters engaged in such proceedings as are incidental to the preparation for the trial in this action; witnesses to whom the documents may be disclosed during or in preparation for a deposition taken in this matter or otherwise during the preparation for trial and trial, provided that the witness may not leave any deposition with copies of any of the documents, and shall be informed and agree to be bound by the terms of this order.

3. Plaintiff shall not make copies of the confidential material except as necessary for purposes of this litigation.

4. The documents in plaintiff's possession shall be destroyed or returned to the CDC within 20 days of the time it is no longer needed for purposes of this litigation.

5. Plaintiff shall file any supplemental briefing in opposition to defendant Austin's motion for summary judgment on or before September 23, 2005.

   IT IS SO ORDERED.

Dated:   **August 30, 2005**　　　　　　　　　　**/s/ Dennis L. Beck**
3b142a　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE